IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER BELTZ** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | NO. 17-4065 |
| et al. | : | |
| Defendants. | : | |

## MEMORANDUM

**PRATTER, J.**  OCTOBER 25, 2017

Plaintiff Christopher Beltz, a prisoner incarcerated at the Philadelphia House of Correction, filed a motion proceed *in forma pauperis* and a pro se complaint raising claims pursuant to 42 U.S.C. § 1983, based on criminal proceedings that led to his conviction. He claims to have been the victim of prosecutorial misconduct. For the following reasons, the Court will grant Mr. Beltz leave to proceed *in forma pauperis* and dismiss his complaint.

### I.    FACTS[1]

The gist of Mr. Beltz's complaint is that prosecutors committed misconduct in connection with two criminal cases filed against him, primarily by unfairly pressuring him to plead guilty and by withholding exculpatory evidence. In April of 2015, Mr. Beltz and seven co-defendants were charged with burglary and related crimes in the Philadelphia Municipal Court. *See Commonwealth v. Beltz*, Docket No. MC-51-CR-0011156-2015. Mr. Beltz alleges that the charges were dismissed as to five of his co-defendants in September of 2015. He also suggests that the charges against him were dismissed on that date, but the docket for his case indicates

---

[1] The following allegations are taken from plaintiff's complaint and public dockets for his underlying criminal proceedings.

1

only that the court granted a continuance. In any event, the case was transferred to the Philadelphia Court of Common Pleas where it proceeded. *See Commonwealth v. Beltz*, Docket No. CP-51-CR-0010543-2015.

Mr. Beltz alleges that the prosecutors were overzealous and acted in bad faith to deny him the right to a fair trial by delaying the case to pressure him to plead guilty. He also alleges that the judge presiding over his case, the Honorable Ann M. Coyle, pressured him to take a plea agreement and conspired with prosecutors to secure his conviction by guilty plea. Mr. Beltz ultimately pled guilty to conspiracy. *See Commonwealth v. Beltz*, Docket No. CP-51-CR-0010543-2015.

Mr. Beltz also alleges that he was pressured to plead guilty in an unrelated case in which he was charged with driving under the influence. Mr. Beltz did not plead guilty, but the judge presiding over Mr. Beltz's case denied his motion to suppress and found him guilty. *See Commonwealth v. Beltz*, Docket No. CP-51-CR-0000405-2017. Mr. Beltz alleges that the prosecution withheld exculpatory evidence that would have led to his acquittal.

Mr. Beltz filed this civil action pursuant to 42 U.S.C. § 1983, against the Commonwealth of Pennsylvania, Governor Tom Wolf, the City of Philadelphia, Mayor Jim Kenney, the Philadelphia District Attorney's Office, and Judge Ann M. Coyle. He also appears to be raising claims against the former Mayor of Philadelphia Michael Nutter, Interim District Attorney Kelly Hodges, Assistant District Attorney Leonard Champaign, and several other assistant district attorneys who prosecuted his cases or his co-defendants' cases, although he did not name those individuals in the caption of the complaint as required by Federal Rule of Civil Procedure 10. Mr. Beltz primarily seeks damages, declaratory relief, and an order overturning his convictions.

## II. STANDARD OF REVIEW

The Court grants Mr. Beltz leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Mr. Beltz is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, any challenges to Mr. Beltz's

3

convictions and related imprisonment must be pursued in a *habeas* case after exhausting state remedies rather than a civil rights action. *See* 28 U.S.C. § 2254.

Furthermore,"to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Mr. Beltz's claims are predicated on allegations that he was maliciously prosecuted and falsely convicted due to prosecutorial misconduct. However, as Mr. Beltz's convictions have not been overturned or otherwise invalidated, his claims are not cognizable in a civil rights action.

Even if Mr. Beltz's claims were cognizable in a civil rights action, many of the defendants he sued are immune from suit. Judge Coyle is entitled to absolute judicial immunity from Mr. Beltz's claims against her because judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Similarly, any of the prosecutors who Mr. Beltz sued or intended to sue are entitled to absolute prosecutorial

4

immunity from Mr. Beltz's damages claims because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Mr. Beltz's claims against the Commonwealth fail because the Commonwealth is entitled to Eleventh Amendment immunity from all of Mr. Beltz's claims and, in any event, is not considered a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Mr. Beltz has not alleged how Governor Wolf, Mayor Kenney, or former Mayor Nutter were involved in the violation of his rights whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Beltz's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). It is also not clear how the Governor and Mayors of Philadelphia could be held responsible for the actions of an office that is run by the Philadelphia District Attorney.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Beltz's complaint. Mr. Beltz will not be given leave to amend because amendment would be futile, although the Court will dismiss without prejudice any non-cognizable claims that could be raised against a non-immune

5

defendant in the event Mr. Beltz's convictions are ever invalidated. An appropriate order follows, which shall be docketed separately.